UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| AMANDA MONAGHAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:13-cv-00395-JCN |
| JOSEPH FITZPATRICK, | ) ) ) |
| Defendant | ) ) |

**ORDER ON JOINT MOTION TO
WAIVE THE DOCRINE OF MOOTNESS**

In this action, Plaintiff Amanda Monaghan challenges the constitutionality of a prison policy maintained by the Maine Department of Corrections, which policy permits the Department to bar all communication, including correspondence, between an inmate and a person "known" to have been a victim of domestic violence perpetrated by the inmate.

On February 20, 2015, the Court denied the parties' cross-motions for summary judgment. (ECF No. 76.) Following the denial of the motions for summary judgment, because the record suggested that the person with whom Plaintiff wanted contact was no longer in custody, the Court convened a conference of counsel to discuss whether any issues remained for trial. At the conference, the parties informed the Court that even though the person was no longer in custody, the parties believed the matter remained for the Court's consideration. The Court ordered the parties to file written argument in support of their contention. (ECF No. 79.) The parties subsequently filed a Joint Motion to Waive the Doctrine of Mootness (ECF No. 80). As explained below, after consideration of the parties' arguments, the Court denies the motion.

**BACKGROUND**

Plaintiff has asserted this action against Defendant Joseph Fitzpatrick, Acting Commissioner of the Maine Department of Corrections, in his official capacity pursuant to the federal civil rights statute, 42 U.S.C. § 1983, and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. (Second Am. Compl. ¶¶ 3, 4, ECF No. 19.) Plaintiff alleges that one of Defendant's policies deprives her and her children of a constitutional right to maintain contact with Mr. Hart, her fiancé, who is the father of one of her children and effectively the step-father of her other child. (*Id.* ¶¶ 8 – 10.)

The policy, described as the "No-Contact Policy," provides, in substance, that the Department may bar communications between an inmate and someone "known" to have been victimized by the inmate through one or more acts of domestic violence. The policy applies regardless of the victim's desire to communicate with the inmate, and regardless of the existence of a domestic violence conviction. During Mr. Hart's incarceration, the Department applied the policy to prevent Plaintiff from communicating with Mr. Hart, despite the fact (1) that Plaintiff and Mr. Hart mutually desired contact, and (2) that Mr. Hart had not been convicted of a crime of domestic violence against Plaintiff or the children.[1] (*Id.* ¶¶ 17 – 23.)

Plaintiff alleges that Defendant deprived her of her constitutional rights under the First Amendment (Counts I and II) and under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment (Count III).[2] In her prayer for relief, Plaintiff requests (1) a declaration that the No-Contact Policy is unconstitutional, (2) an injunction enjoining Defendant from prohibiting contact with Mr. Hart, and (3) an award of damages, fees, and costs. Although she

---

[1] In its summary judgment submissions, the Department maintained that Plaintiff was involved in an attempt by Mr. Hart to secure drugs while in prison and that it prohibited Plaintiff from visiting the prison on that independent basis.

[2] Plaintiff also references the Fifth Amendment.

requests damages, Plaintiff has sued Defendant exclusively in his official capacity. While this case has been pending, Mr. Hart was released from the Department's custody.

## DISCUSSION

An award of damages is not an available remedy in an official capacity suit under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."); *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("Absent an explicit waiver from the state, the Eleventh Amendment bars 'official capacity suits' against state actors in federal court unless the suit seeks prospective injunctive relief."). The issue of whether Plaintiff's action is moot as the result of Mr. Hart's release from custody, therefore, must be assessed in the context of Plaintiff's requests for declaratory and injunctive relief.

**A.     Relief under Section 1983**

Although damages are not available in an official capacity claim against a state officer, federal courts may "enjoin state officials in their official capacities." *Hutto v. Finney*, 437 U.S. 678, 690 (1978) (citing *Ex parte Young,* 209 U.S. 123 (1908)). Here, Mr. Hart's release from custody generates a legitimate issue as to whether the Court can or should consider Plaintiff's request for injunctive relief.

"Ordinarily, an actual controversy must exist at all stages of litigation to sustain federal court jurisdiction." *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir. 1989). When a change in the legal relationship between the parties eliminates the "vital claim for prospective relief," *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997), and when no other remedies are available, a case becomes moot and can be dismissed. *Id.* at 72.

3

The law, however, recognizes an exception to the mootness doctrine when a dispute is "capable of repetition yet evading review." *Id.* (quoting *S. Pac. Terminal Co. v. I.C.C.,* 219 U.S. 498, 515 (1911), and citing *Roe v. Wade,* 410 U.S. 113, 125 (1972)). "This exception to the mootness doctrine applies only in 'exceptional situations.'" *Davidson v. Howe*, 749 F.3d 21, 26 (1st Cir. 2014) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 109). To fall within the exception, the record must establish "a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur *involving the same complaining party*." *Id.* (emphasis added) (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

In this case, therefore, the issue is whether the record establishes a reasonable expectation or demonstrated probability that Mr. Hart will return to the custody of the Maine Department of Corrections and that Plaintiff and the children would be barred from all contact with Mr. Hart based on the application of the No-Contact Policy.[3]

While the Court recognizes that Mr. Hart has a criminal record, the Court cannot assume that Mr. Hart will violate the law in the future, and be sentenced to a term of imprisonment in the custody of the Department. *Ford v. Bender*, 768 F.3d 15, 30 (1st Cir. 2014) (holding that the exception did not apply to an inmate's claim where there was "no reasonable expectation that he will again be confined to the DDU as a pretrial detainee," despite evidence of prior convictions) (citing *Honig v. Doe*, 484 U.S. 305, 320 (1988) ("[F]or purposes of assessing the likelihood that state authorities will reinflict a given injury, we generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury.")). *See also Preiser v. Newkirk*, 422 U.S. 395, 403-404 (1975) (vacating

---

[3] For purposes of this discussion it is assumed that the relationship between Plaintiff and Mr. Hart remains intact.

judgment and remanding for dismissal where prisoner was transferred out of the complained-of maximum security facility to a minimum security facility while suit remained pending on appeal); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (finding mootness where prisoner was transferred from one Iowa prison to another Iowa prison that did not impose the challenged policy, despite the possibility that he could be transferred again); *Hickman v. Missouri,* 144 F.3d 1141, 1143 (8th Cir. 1998) (holding that the capable of repetition exception was not applicable where the complained-of conduct could resume only if the plaintiffs' voluntary actions resulted in revocation of their parole); *Reimers v. Oregon,* 863 F.2d 630, 632 (9th Cir. 1989) (holding that the exception does not apply where the complained-of conduct would recur only if appellant were to commit another crime and be returned to prison); *Trammell v. Sawyer*, 242 F.3d 390 (10th Cir. 2000) (unpublished) (remanding case with instruction to dismiss following prisoner's release because his only claim was for relief from conditions of confinement); *and compare Turner v. Rogers*, 131 S. Ct. 2507, 2514-15 (2011) (applying the exception where the petitioner repeatedly was subjected to civil contempt proceedings in state court for non-payment of child support, was repeatedly imprisoned on that basis, was several thousand dollars in arrears on fines, and was scheduled for another contempt hearing when the Supreme Court issued its opinion). Because the Court cannot determine that Mr. Hart will return to the custody of the Department, Plaintiff's claim does not qualify as an exception to the mootness doctrine.

**B.     Relief under the Declaratory Judgment Act**

"For declaratory relief to withstand a mootness challenge, the facts alleged must 'show that there is a substantial controversy ... *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.*'" *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53-54 (1st Cir. 2013) (emphasis in original) (quoting *Preiser*, 422 U.S. at

402).  Given that Plaintiff's claim for injunctive relief is moot, and given the unavailability of money damages, any declaratory relief in this case would "amount[] to an advisory opinion concerned with past alleged wrongs."  *Ford*, 768 F.3d at 30.  In other words, the claim for declaratory relief is similarly moot.  *See id.*; *Preiser*, 422 U.S. at 402; *Davidson*, 749 F.3d at 23.

**C.     Waiver**

The parties purport to waive voluntarily the issue of mootness.  Simply stated, "parties may not waive issues of subject matter jurisdiction."  *Choeum v. I.N.S.*, 129 F.3d 29, 32 (1st Cir. 1997). *See also Alston v. Coughlin*, 109 F.R.D. 609, 612 (S.D.N.Y. 1986) ("The mootness doctrine is an elemental limitation on federal judicial power, and its effect may not be waived by a party.").  "A federal court cannot ignore this requirement without overstepping its assigned role in our system of adjudicating only actual cases and controversies."  *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 39 (1976).

## CONCLUSION

Based on the foregoing analysis, the Court denies the parties' Joint Motion to Waive the Doctrine of Mootness (ECF No. 80).  Given the Court's denial of the motion, on or before September 1, 2015, the parties shall show cause as to why the matter should not be dismissed.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of June, 2015.